## Ira M. Harrison, admr. &c.,

### *v.*

## Joseph T. Farrington.

A bill by the administrator of a deceased partner against his copartner, alleging that the administrator had applied to such copartner for a statement of the accounts of the firm, showing its assets and liabilities and the balance due the administrator; that the copartner had rendered such account; that the administrator, in ignorance of the partnership affairs, and confiding in the copartner's statement, had, through the fraudulent representations and acts of the copartner, been induced to accept a less amount than was actually due his intestate from the firm, and also asking for an account, is not demurrable, because there has been, as claimed, an account stated, since the bill does not set out an account stated; nor because the bill seeks both an account and to surcharge an account as to the same matters; nor on the ground that the administrator has a remedy at law.

Bill for an account.   On demurrer to parts of the bill.

*Mr. S. C. Mount,* for demurrant.

*Mr. J. W. Taylor,* for complainant.

The Chancellor.

The bill is filed by the administrator of John C. Johnson, deceased, against Joseph T. Farrington, Mr. Johnson's late copartner in the hardware business, in the city of New York, for an account of the partnership affairs. It states, among other things, that the complainant applied to the defendant for a statement of the accounts of the firm, showing the assets and liabilities and the amount due the complainant as administrator of Johnson; that the defendant gave him one; that the complainant, being ignorant of the affairs of the concern, and confiding in the defendant, believed that he might safely settle with him on the basis of the statement; and the bill alleges that the

statement showed a balance due Johnson's estate of $14,578.85. It also states that the complainant was induced to accept a smaller sum than that by the false representation then made by the defendant to him that the stock entered into the statement at cost instead of market value, which was less than the cost. It also alleges that the complainant has since then discovered that the defendant, in the statement, fraudulently charged Johnson's estate with a note made by one William C. Miller. It asks an account and that the defendant be decreed to pay what shall be found to be due after crediting what the complainant received.   The defendant pleads an account stated, and answers in support of the plea.   He also demurs to those parts of the bill which relate to the fraud in respect to the stock and the note.   He insists that the complainant has an adequate remedy at law.   It is also urged that the bill is multifarious, because it both seeks an account and also to surcharge an account stated as to the same matters.

The bill neither states nor admits that there was an account stated.   It alleges that the complainant requested the defendant to give him a statement showing the assets and liabilities, and that the defendant gave him one which showed a certain balance due the complainant as administrator, and that he was induced by the defendant's fraudulent representations as to the stock and otherwise, and his fraudulent charge of the note, to accept a smaller sum than was his due, and he alleges that the statement was not correct in other respects besides those specified.   The bill is merely a bill for an account, and those particulars are mentioned as a reason why the complainant should have an account, notwithstanding the fact that he accepted a sum as the balance due him.   The demurrer will be overruled, with costs.